73 F.3d 974
 96 Cal. Daily Op. Serv. 354, 96 Daily Journal
D.A.R. 567
Radwan "Rod" AKKY; Joseph Elsineitti; Fred Esfandiary;
Roy Hifai; Kenneth Yano; Joseph El Sinietti;
Plaintiffs-Appellants,
v.
BP AMERICA, a Delaware corporation; BP Oil Company, an Ohio
corporation; BP Oil Marketing Co., a Delaware
corporation; BP Exploration & Oil,
Inc., an Ohio corporation,
Defendants-Appellees.
 No. 94-16134.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Jan. 17, 1996.
 
 Kim A. Seefeld, Mullen & Henzell, Santa Barbara, California, for plaintiffs-appellants.
 Clement L. Glynn, Glynn, Cella & Lange, Walnut Creek, California, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California, Saundra B. Armstrong, District Judge, Presiding.
 Before: GOODWIN and REINHARDT, Circuit Judges, and KING,* District Court Judge.
 Opinion by Judge GOODWIN
 GOODWIN, Circuit Judge:
 
 
 1
 Plaintiffs, who operated petroleum products retail service stations under lease and franchise agreements with BP America, a major brand distributor of such products, appeal the dismissal of their action under Fed.R.Civ.Pro. 12(b)(6). We affirm.
 
 
 2
 The complaint attempted to state a claim for damages resulting from the termination of plaintiffs' franchises in violation of 15 U.S.C. Sec. 2801, et. seq., the Petroleum Marketing Practices Act (PMPA). The district court held that plaintiffs failed to state a claim under the PMPA because no actual "termination" of the franchise agreements occurred.
 
 
 3
 The central issue on appeal is whether a series of notices of termination, later rescinded, can be treated as an unlawful termination under the PMPA. In this case, BP America gave notices of termination, which, under the terms of the franchise agreements and the PMPA, it had a right to do. It then waffled about whether or not it was going to withdraw from the relevant market, which it also had the right to do, and thus drove down the value of the franchises to the franchisees. At the time plaintiffs filed this action, no notice of termination, as such, was in effect, the notices having been rescinded.
 
 
 4
 This Court has granted relief for unlawful termination under the PMPA in cases involving actual termination, and in cases involving coercive threats of termination used to force franchisees into accepting conditions contrary to their interests. Pro Sales, Inc. v. Texaco, U.S.A., 792 F.2d 1394 (9th Cir.1986). However, we have not granted PMPA relief in a case such as this, where there was neither a notice of termination in effect nor any evidence of coercive or fraudulent behavior. The legislative history reflects that Congress was importuned over every provision and word of the PMPA, and struck a balance between the interests of the petroleum companies and the interests of the franchisees. As the facts here do not present a claim covered by that equilibrium, we can not substitute our idea of business ethics for the balance struck by the Act.
 
 
 5
 Because this case does not present claims of fraud or deceptive concealment, or other inequitable conduct, we need not reach possible questions of remedies under the PMPA where such claims are made and proved. We decide only that the facts before us do not establish a cognizable claim under the PMPA. There may be corporate insensitivity here, or more likely, improvidence, on both sides. Small investors were drawn into a risky enterprise. They cast their lot with a company that disappointed them. The PMPA has remedies for specific acts but does not guarantee investors against loss.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation